# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IN RE SUBPOENA DUCES TECUM of
DAVID L. RICKEN,

Case No. 12-MC-19

## ORDER DENYING MOTION TO QUASH SUBPOENA

David L. Ricken, Bishop of the Diocese of Green Bay, has moved to quash a subpoena served on him in a federal action pending in Indiana. A hearing was held, at which I stayed the pending subpoena subject to briefing by the parties. I granted an extension of time for filing, but even so a brief was not filed by the party seeking the subpoena.[1]

Much of Bishop Ricken's argument focuses on the First Amendment and the potential for intrusion upon clerical matters and church doctrine. Although these are no doubt serious concerns, I do not find that they are implicated by the mere taking of a deposition. As noted above, the underlying case is pending in Indiana district court, and it would seem that the Indiana court will be the one to address such concerns (in fact, it already has). The question posed to *this* Court is the much narrower question of whether a subpoena issued to an individual who is alleged to have personal knowledge of at least some of the underlying facts giving rise to the dispute should be quashed.

---

[1]I have been made aware that counsel attempted to fax a response to the clerk on today's date. Such a response is not properly made by fax. Procedures for admission to the Eastern District of Wisconsin and access to the e-filing program are not difficult. Moreover, even if the filing were properly made, it is two weeks late. The matter is essentially moot, however, as I am unconvinced in any event that the subpoena should be quashed.

On that question, I am satisfied that the motion should be denied. There would seem to be no reason to preclude the counterclaim plaintiffs in the underlying action from conducting a deposition of Bishop Ricken about factual matters relating to the underlying dispute and obtaining from him relevant documentation. Whether the determination of the claims asserted in the underlying action implicate church doctrine or other ecclesiastical concerns so as to run afoul of the religion clauses of the First Amendment is for the U.S. District Court in Indiana court to decide. To preclude a party altogether from *asking* about matters that *might* stray into that territory, however, would beg the essential question. Indeed, it would seem that the parties will need to develop the factual record in order for the district court in Indiana to determine whether the dispute is a religious or a secular one.

This is not to say that the subpoena should be enforced in its entirety, however. Specifically, there would seem to be little need to produce Bishop Ricken's tax records, and no reason has been offered. Bishop Ricken's request for a protective order sparing him the obligation to produce his tax records is therefore granted. The Court also agrees with counsel for Bishop Ricken that the personal attacks and accusations of criminal conduct leveled against the Bishop by counsel for the counterclaim plaintiffs and her clients have no place in federal or any litigation. Counsel is entitled to discover relevant evidence of which Bishop Ricken may have knowledge. She is not entitled to make personal attacks and unfounded accusations against him. If it becomes clear that discovery is being sought from Bishop Ricken in order to embarrass or harass him, counsel may terminate the deposition and move for protective relief or for sanctions.

Given the failure of counsel for the counterclaim plaintiffs to properly appear in response to the motion to quash her subpoena, to comply with the local rules governing electronic filing, and

to timely file her response, and the uncivil tone of counsel's correspondence that has been made a part of the record, the Court seriously considered granting Bishop Ricken's motion as a sanction. The information sought may be relevant to the underlying action which has apparently been pending for some time, however, and the Court is reluctant to take action that will adversely affect or delay an action in another Court. Counsel is on notice, however, that any further failure to comply with the local rules of the district or any instances of incivility will result in termination of discovery efforts in this district.

Accordingly, the motion to quash is **DENIED** in part. No tax records need be produced. Bishop Ricken should, however, appear for a deposition at a reasonable and mutually agreeable time and place, produce non-privileged documents and respond to questions about the property at issue.

**SO ORDERED** this 23rd day of April, 2012.


  s/ William C. Griesbach
William C. Griesbach
United States District Judge

3